# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-136V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\*
JORDANNA ROSS,                                                       \*              Chief Special Master Corcoran
                                                                     \*
                          Petitioner,                                \*              Filed:  April 27, 2026
                                                                     \*
            v.                                                       \*
                                                                     \*
SECRETARY OF HEALTH AND                                              \*
HUMAN SERVICES,                                                      \*
                                                                     \*
                          Respondent.                                \*
                                                                     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Christopher J. Webb,* Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for Petitioner.

*Nina Y. Ren,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING PETITIONER'S MOTION FOR RECONSIDERATION[1]

On February 9, 2022, Jordana Ross filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1). Petitioner alleged that she experienced transverse myelitis ("TM") due to a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received in August 2019. *Id.* The parties briefed their positions, and I issued a decision denying entitlement on November 14, 2025. Decision, dated Nov. 14, 2025.

Petitioner subsequently filed his motion for a final award of attorney's fees and costs. Motion, dated Jan. 9, 2026 (ECF No. 62). Petitioner requested a total of $197,848.80— $135,395.18 for attorney Christopher Webb ($100,226.10 in fees, plus expenses in the amount of $35,169.08), and $62,453.62 for former counsel Conway Homer P.C. ($52,362.50 in fees and

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

$10,091.12 in costs). *Id*. at 1. I thereafter issued a decision partially awarding the Fees Motion. *See* Decision, dated Apr. 6, 2026 (ECF No. 65) ("Decision").

On April 10, 2026, Petitioner moved for reconsideration of the Decision. Motion, dated Apr. 10, 2026 (ECF No. 66) ("Mot. for Reconsideration"). Petitioner requests that I reconsider my reduction of (1) Ms. Flanagan's 2025 hourly rate from the requested $417.00 to $336.00; (2) the reduction of the award for costs associated with Petitioner's expert, Dr. Justin Willer; and (3) the reduction of award for costs incurred by Petitioner's former counsel, Ronald Homer. *Id.* at 1.

Petitioner first argues that Ms. Flanagan's fee reduction was in error, based on mistaken application of an hourly rate Ms. Flanagan had been awarded in the past for her work performed in *2024* rather than what she had been previously awarded for her work in 2025. Mot. for Reconsideration at 2. In *Sims v. Sec'y of Health & Hum. Servs.,* Special Master Roth found it appropriate to "compensate Ms. Flanagan at the rates of $336 for 2024 and $372 for 2025." No. 15-1526C, slip op. at 4 (Fed. Cl. Spec. Mstr. Mar. 11, 2026). She therefore requests that I award Ms. Flanagan an hourly rate of $372 for work performed in 2025, and amend my reduction from $5,094.90 to $2,830.50 to reflect the accepted hourly rate. Mot. for Reconsideration at 2.

Second, Petitioner contends that I should reconsider my reduction of Dr. Justin Willer's retainer fee. Mot. for Reconsideration at 3. To prevent a $7,475.00 windfall that Dr. Willer did not earn, while also reimbursing counsel for Dr. Willer's retainer fee, I reduced Dr. Willer's total award from $31,873.00 to $24,398.00, because it did not appear that Dr. Willer had factored receipt of the retainer into his bills. Petitioner argues this was an error , however. *Id.* Dr. Willer's second invoice in particular does not include time spent examining Petitioner's Exhibits 1–4, 8, 18, 20, or 23. *Id.* (citing ECF 62-2 at 54). Petitioner includes email correspondence between his counsel and Dr. Willer where review of these records was covered with the retainer fee. *Id.* (discussing ECF No. 66-5). Because of this, Petitioner asks that I reconsider this aspect of the Decision. *Id.* at 5.

Lastly, Petitioner asks for correction of a mathematical miscalculation made in calculating a reduction of Conway Homer's general litigation and trial costs. Mot. for Reconsideration at 5. I reduced Mr. Homer's costs by $45.00 and $41.71 for impermissible costs. *Id.* (citing Decision at 6–7). Though reducing the requested $10,091.12 by $45.00 and $41.71 comes out to $10,004.41, the Decision reflected an award of $10,004.*79*—a minor discrepancy of $0.38, but one that should nevertheless be corrected. *Id.*

Vaccine Rule 10(e) governs motions for reconsideration of a special master's decision, and provides that "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision . . . ." Vaccine Rule 10(e)(1). Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice." Vaccine Rule 10(e)(3). It is within the special master's discretion to decide what the

2

"interest of justice" is in a given case. *R.K. v. Sec'y of Health & Human Servs*, No. 03-632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of decision dismissing case for failure to prosecute).

Here, I find that the interests of justice support reconsideration of the Decision. **Accordingly**, I hereby grant the motion for reconsideration—the prior decision dated April 6, 2026, is VACATED. Following this order, I will issue a revised fees and costs Decision.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

3