# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-136V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                          *
JORDANNA ROSS,                            *          Chief Special Master Corcoran
                                          *
              Petitioner,                  *          Filed:  May 6, 2026
                                          *
        v.                                *
                                          *
SECRETARY OF HEALTH AND                    *
HUMAN SERVICES,                            *
                                          *
              Respondent.                  *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Christopher J. Webb,* Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for Petitioner.

*Nina Y. Ren,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On February 9, 2022, Jordana Ross filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1). Petitioner alleged that she experienced transverse myelitis ("TM") due to a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine she received in August 2019. *Id.* The parties briefed their positions, and I issued a decision denying entitlement on November 14, 2025. Decision, dated Nov. 14, 2025.

Petitioner subsequently filed his motion for a final award of attorney's fees and costs. Motion, dated Jan. 9, 2026 (ECF No. 62). Petitioner requested a total of $197,848.80—$135,395.18 for Mr. Webb ($100,226.10 in fees, plus expenses in the amount of $35,169.08), and $62,453.62 for former counsel Conway Homer P.C. ($52,362.50 in fees and $10,091.12 in costs).

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

*Id*. at 1. I issued a decision awarding Petitioner's motion in part thereafter. *See* Decision, dated Apr. 6, 2026 (ECF No. 65) ("Decision").

On April 10, 2026, Petitioner moved for reconsideration of my fees decision. Motion, dated Apr. 10, 2026 (ECF No. 66) ("Mot. for Reconsideration"). Petitioner addressed Ms. Flanagan's fee reduction, Dr. Willer's reduction, and a mathematical miscalculation. *See id.* I granted Petitioner's Motion for Reconsideration and ordered the Decision to be vacated. Order, dated Apr. 27, 2026 (ECF No. 67). This is the revised fees and costs Decision in light of that Order.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$194,290.01 ($132,223.10 for Petitioner's current counsel, and $62,066.91 for Petitioner's former counsel).**

## ANALYSIS

### I.    Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

2

The standard for finding the existence of reasonable basis is inherently easier to satisfy than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Although Petitioner's claim was ultimately unsuccessful, I find that there was sufficient objective basis to entitle her to a fees and costs award. There was some record evidence that Petitioner experienced a variety of neurologic symptoms after receiving a Tdap vaccine, and the nature of the injury was reasonably contested, even if the overall weight of evidence was unsupportive of the claimed TM diagnosis. Thus, and in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.    Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her various attorneys, based on the years work was performed:

### (A) Conway, Homer, P.C.

|  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|
| **Meredith Daniels (Attorney)** | N/A | N/A | N/A | $410.00 | N/A | $485.00 | $516.00 |
| **Ronald Homer (Attorney)** | N/A | N/A | N/A | $475.00 | $500.00 | $525.00 | $567.00 |
| **Christina Ciampolilo (Attorney)** | N/A | $380.00 | $380.00 | $425.00 | $470.00 | $500.00 | $537.00 |
| **Joseph Pepper (Attorney)** | N/A | N/A | N/A | $415.00 | N/A | $485.00 | N/A |
| **Paralegals** | $145.00 | $155.00 | $155.00 | $170.00 | $185.00 | $195.00 | $207.00 |

ECF No. 62-4 at 37.

The attorneys at Conway, Homer, P.C. practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid at forum rates, as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-396V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested are also consistent with what has previously been awarded for the work of these attorneys, in accordance with the Office of Special Masters' fee schedule.[3] *See Guzman v. Sec'y of Health & Hum. Servs.*, No. 22-957V, 2025 WL 1891419, at *3 (Fed. Cl. Spec. Mstr. June 9, 2025); *Jackman v. Sec'y of Health & Hum. Servs.*, No. 21-685V, 2025 WL 2659100 (Fed. Cl. Spec. Mstr. Aug. 13, 2025). I thus find no cause to reduce them in this instance.

I will also award all time requested for prior counsel's work, with one exception. The Conway, Homer P.C. attorneys represented Petitioner through late April 2024. Prior to that firm's withdrawal, due to an unreasonable delay in filing an expert report in March 2024, I noted in a scheduling order that no fees would be paid for work related to the delayed expert report through

---

[3] https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. (Last visited on Apr. 2, 2026).

the extension date for filing the report in mid-April. Docket Entry, dated Mar. 4, 2024. Counsel subsequently withdrew from the matter before that date was reached. But after reviewing Conway, Homer, P.C.'s billing entries, I find that 0.6 hours[4] was billed for work related to this expert report. That sum shall be deducted from the requested fees. ECF No 62-4 at 28. This results in a fees reduction of **$300.00**.[5]

**(B) Black, McLaren, Jones, Ryland & Griffee**

| | 2024 | 2025 | 2026 |
|---|---|---|---|
| **William Cochran, Jr. (Attorney)** | $478.00 | $519.00 | N/A |
| **Christopher J. Webb (Attorney)** | $435.00 | $472.00 | $509.00 |
| **Hallie G. Flanagan (Attorney)** | N/A | $417.00 | N/A |
| **Rhonda Friedrichsen (Paralegal)** | N/A | $199.00 | N/A |
| **Sarah Clarke (Paralegal)** | $183.00 | $199.00 | N/A |

ECF No. 62-2 at 18.

Mr. Webb and his co-counsel practice in Memphis, TN—a jurisdiction that has been deemed "in forum," making them entitled to rates commensurate with what was established in *McCulloch*. *See Thomas v. Sec'y of Health & Hum. Servs.*, No. 16-1628V, 2017 WL 7510707 (Fed Cl. Spec. Mstr. Dec. 18, 2017). The rates requested for time billed in from 2021-26 are mostly consistent with what has previously been awarded. *Nguyen v. Sec'y of Health & Hum. Servs.*, No. 22-765V, slip op. at 4–5 (Fed. Cl. Spec. Mstr. Mar. 26, 2026); *Stimson v. Sec'y of Health & Hum. Servs.*, No. 21-2171V, 2024 WL 4133295, at *2 (Fed. Cl. Spec. Mstr. Aug. 7, 2024). Ms. Flanagan, however, has had her rates for 2025 previously reduced from $417.00 to $372.00, and I shall do the same here. *Sims v. Sec'y of Health & Hum. Servs.,* No. 15-1526V, slip op. at 4 (Fed. Cl. Spec.

---

[4] *See* Billing Entries dated 03/07/2024. ECF No. 62-4 at 32.

[5] Calculated by: $150.00 + $150.00 = $300.00.

Mstr. Mar. 11, 2026). Applying the reduced hourly rate to Ms. Flanagan's hours[6] results in a reduction of **$2,830.50.**[7]

Mr. Webb officially became counsel of record on May 3, 2024, but began working on this matter at the beginning of March 2024. *See* ECF No. 62-2 at 1; Docket Entry, dated May 3, 2024. A status conference was held on April 2, 2024, where Petitioner represented that she was obtaining new counsel. Minute Entry, dated April 2, 2024. In response to this, I further extended Petitioner's expert report to May 31, 2024, so that Petitioner's new counsel would have time to finalize and submit Petitioner's expert report. Scheduling Order, dated April 2, 2024. Therefore, I shall not extend the fee penalty to Mr. Webb and his firm, since they inherited this matter and were not the cause for delay. The remainder of Mr. Webb and Black, McLaren, Jones, Ryland & Griffee's hours are reasonable, and I find no reason to reduce them herein.

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Health & Hum. Servs*., 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs*., No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs*., No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $10,091.12 in outstanding costs for the attorneys at Conway, Homer, P.C., and $35,169.08 in outstanding costs for Mr. Webb. ECF No. 62-4 at 35–36; ECF No. 62-2 at 18–19. These costs include, but are not limited to, the filing fee, medical record retrieval costs, mailing costs, travel expenses, litigation costs, and costs associated with experts Dr. Andrew Pachner, Dr. Kristen Babinski, and Dr. Justin Willer. Some reduction to the amount to be awarded for this work is appropriate, as I explain below.

### a.    General Litigation and Trial Costs

Documentation was provided for the Court's filing fee, medical records requests, and travel expenses. I find these costs reasonable and shall award them in full. All costs for postage and shipping have also been supplied with receipts, and I shall grant those costs herein, with exception of a $41.71 postage charge dated December 19, 2025, that is unsubstantiated. *See* ECF No. 62-4

---

[6] Ms. Flanagan billed a total of 62.9 hours in 2025. ECF No. 62-2 at 18.

[7] Calculated by: ($417.00 – $372.00) x 62.90 hours billed = $2,830.50.

at 36–74. Disallowance of this one cost reduces the costs to be reimbursed to Conway, Homer P.C. by **$41.71**.

Both sets of counsel also collectively seek reimbursement of $386.58[8] for overhead expenses such as "computer assisted research," photocopying, Pacer service fees, and office supplies. ECF No. 62-2 at 18; ECF No. 62-4 at 36. No receipts were provided to establish these costs, however. ECF No. 62-2 at 20–55; ECF No. 62-4 at 36–74. And it is well established that the Program does not pay for these kind of overhead costs. *Smith v. Sec'y of Health & Hum. Servs.,* No. 18-0043V, 2020 WL 1243238, at *8 (Fed. Cl. Spec. Mstr. Feb. 20, 2020) (citing *Guy v. Sec'y of Health & Human Servs.,* 38 Fed. Cl. 403, 408 (1997); *Forrest v. Sec'y of Health & Hum. Servs.,* No. 10-32V, 2018 WL 3029330, at *3 (Fed. Cl. Spec. Mstr. May 22, 2018) ("[t]he Vaccine Program has traditionally treated subscriptions to legal research databases as office overhead costs, which are not compensable."); *Rodriguez v. Sec'y of Health & Hum. Servs.,* No. 06-559V, 2009 WL 2568468, at *23 (Fed. Cl. Spec. Mstr. July 27, 2009) (finding that a National Law Journal Subscription was an overhead expense and not compensable).

However, costs for Photocopying have been approved in prior cases so long as the cost per page was reasonable. *See, e.g., Disantis v. Sec'y of Health & Hum. Servs.,* No. 22-1361V, 2025 WL 2305042, at *3 (Fed. Cl. Spec. Mstr. July 8, 2025). And fees for accessing PACER are also reimbursable when the costs are appropriately substantiated. *Carrington v. Sec'y of Health & Hum. Servs.,* No. 99-495V, 2008 WL 2683632, at *3 (Fed. Cl. June 18, 2008), *mot, for review den'd*, 85 Fed. Cl. 319 (2008) (denying PACER service fees where no evidence of such an expense was filed).

Because some of these costs fall under the category of non-compensable overhead expenses, and Petitioner's counsel failed to provide receipts for all of these costs, I shall deny reimbursing them in part. This results in a reduction of **$45.00 for Conway, Homer, P.C., and $341.58 for Black, McLaren, Jones, Ryland & Griffee**.

### b. Petitioner's Expert Costs

#### 1. Costs for Dr. Justin Willer

Dr. Willer, a neurologist, prepared two written reports on Petitioner's behalf. Report, dated July 4, 2024, filed as Ex. 29 (ECF No. 47-1) ("First Willer Rep."); Report, dated December 16, 2024, filed as Ex. 50 (ECF No. 49-1) ("Second Willer Rep."). For his work. Dr. Willer billed a total of 44.36 hours at a rate of $550.00 an hour, with a retainer fee of $7,475.00. ECF No. 62-2 at

---

[8] Comprised of purported cost of $45.00 for Conway, Homer and $341.58 for Black, McLaren, Jones, Ryland & Griffee. ECF No. 62-2 at 18; ECF No. 62-4 at 36.

23, 53–55. In total, Dr. Willer charged $31,873.00 for his services.[9] I find the hourly rate and time spent on the matter appropriate and shall not reduce either.

### 2.  Costs for Dr. Andrew Pachner

Petitioner is requesting $1,500.00 for costs associated with Dr. Pachner's retainer. ECF No. 62-4 at 69. Dr. Pachner was retained by Conway, Homer, P.C. as an expert in January 2024. *See id.* at 70. However, Dr. Pachner did not write a report, review Petitioner's medical records, or submit a statement. Based on the docket and Dr. Pachner's bill, Dr. Pachner required a retainer before reviewing Petitioner's records. *Id.* at 69–70. After receiving his retainer, Dr. Pacher appears to have expressed the view that he was not interested in being an expert on this matter. *Id.* I will nevertheless allow these costs, since they are not particularly large, and reflect efforts by Petitioner to identify evidentiary support for a claim I have already deemed to possess reasonable basis.

### 3.  Costs for Dr. Kristen Babinski

Dr. Babinski was also retained by Conway, Homer, P.C. as an expert. Unlike Mr. Pachner, Dr. Babinski's itemized receipt shows she reviewed Petitioner's medical records and devoted a total of nine hours to this case. ECF no. 62-4 at 73. Dr. Babinski charged $4,500.00 for her work at $500/hour. *Id.* While Dr. Babinski ultimately did not write an expert report or statement, I find that her time spent was reasonable and I shall award her costs in full.

**CONCLUSION**

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT IN PART** Petitioner's Motion for an Award of Attorney's Fees and Costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $194,290.01 to be distributed as follows:**

- **A lump sum of $132,223.10, representing reimbursement for attorneys' fees of $97,395.60 and costs of $34,827.50 to be paid through an ACH deposit to Petitioner's counsel of record, Mr. Christopher J. Webb's IOLTA account for prompt disbursement; and**

- **A lump sum of $62,066.91, representing reimbursement for attorneys' fees of $52,062.50 and costs of $10,004.41, to be paid through an ACH deposit to Petitioner's former counsel, Mr. Ronald C. Homer's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this Decision.[10]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[10] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.